UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

        Plaintiff,

        v.                                       Case No. 23-cv-0568-bhl

JOHN DOE #1,
RANDALL HEPP,
LT. FISHER,
OFFICER CONRAD, and
JOHN DOE #2,

        Defendants.

---

## SCREENING ORDER

---

     Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On May 24, 2023, the Court screened Plaintiff's complaint and gave him an opportunity to file an amended complaint, which he did on May 30, 2023. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

     As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a

"short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## ALLEGATIONS OF THE AMENDED COMPLAINT

Plaintiff explains that on June 29, 2022, he was housed with a "black gang member" who made sexual advances toward him and threatened him. Plaintiff requested he be moved to a different cell for his safety, and in early July he was moved down the hall to a single cell. Plaintiff asserts that a few days later, the inmate in the cell next to his new cell put out a hit on him, calling him a rat and child molester. Dkt. No. 9 at 2-5.

According to Plaintiff, on July 7, 2022, he was on a phone call in his cell when multiple inmates began harassing and threatening him, calling him a snitch and child molester. Plaintiff asserts that the inmates eventually unplugged the phone and tried to pull it through the trapdoor while punching him in the stomach through the trapdoor. Plaintiff also asserts that the inmates spat and threw urine on him. Plaintiff does not explain why he did not step away from his door where the inmates could not reach him. Plaintiff states that the inmates told him "the cops worked for them" and that they were going to get his door popped. According to Plaintiff, a prison official opened his door from a control panel even though there was no reason for it to be opened. Plaintiff states that the inmates entered his cell and attacked him, hitting him in the head and slamming his ribs and back into the corner of a table. He also states that despite filing dozens of medical requests, he has never seen a doctor. Dkt. No. 9 at 5-9.

Plaintiff states that later that day, he asked Officer Conrad to get him some help, but Conrad told him he was busy. The following day, Plaintiff was removed from his cell by Lieutenant Fisher and his injuries were photographed. Fisher told Plaintiff that he would see medical later that day. Plaintiff asserts that he filed an inmate complaint, which was ultimately denied by the warden on

2

the basis that Plaintiff had used a false name. Plaintiff asserts that he did not receive medical attention until a couple weeks later, on July 20, 2022. Plaintiff asserts that, despite multiple requests, he did not receive a back x-ray until nearly two months later. Dkt. No. 9 at 9-12.

## THE COURT'S ANALYSIS

Prison officials have a duty to protect prisoners from objectively serious harm if they have actual knowledge of the impending harm. *Gevas v. McLaughlin*, 798 F.3d 475, 480 (7th Cir. 2015). Plaintiff states a failure-to-protect claim against the John Doe officer who allegedly opened his cell door based on allegations that Plaintiff had been moved to a single cell for his protection, that the attacking inmates informed Plaintiff that they could get the officer to open his door, and that there was no reason for Plaintiff's door to be opened. From these allegations, the Court can reasonably infer that the officer was deliberately indifferent to the risk of harm the inmates posed to Plaintiff.

However, Plaintiff fails to state a claim against Conrad and Fisher based on allegations that their refusal to get him immediate medical attention resulted in him not being immediately evaluated. Because Conrad and Fisher are not health care providers and could not treat Plaintiff's injuries themselves, their failure to contact health services on Plaintiff's behalf only delayed Plaintiff's access to medical treatment. "It is not enough, however, simply to point to a delay, which may or may not reflect deliberate indifference." *Thomas v. Martija*, 991 F.3d 763, 769 (7th Cir. 2021). A delay in treatment is actionable only when it exacerbates a plaintiff's injury or unnecessarily prolongs his pain. *Perez v. Fenoglio*, 792 F.3d 768, 777 (7th Cir. 2015). Plaintiff does not allege whether he received any treatment when he was finally examined, so the Court cannot reasonably infer that he suffered any harm from the delay caused by Conrad and Fisher not immediately contacting health services. Further, Plaintiff asserts that he filed many health services requests that went unanswered; that delay that cannot be attributed to Conrad and Fisher.

3

Similarly, while Plaintiff alleges that x-rays were not taken until nearly two months later, Conrad and Fisher are not responsible for that delay. It bears noting that the x-rays appear to have been unremarkable, meaning that Plaintiff suffered no harm from waiting to be x-rayed.

Plaintiff also fails to state a claim against the John Doe medical director based on allegations that Plaintiff has yet to see a doctor. According to Plaintiff, he has been seen in health services multiple times and has received x-rays, the results of which were unremarkable. Plaintiff's preference to be examined by a doctor rather than a nurse is insufficient on its own to state a claim. *See Johnson v. Doughty*, 433 F.3d 1001, 1013 (7th Cir. 2006) (holding that prisoners are not entitled to their preferred treatment but only to adequate care). Plaintiff includes no allegations about his interactions with the nurses from which the Court can reasonably infer that the failure to escalate Plaintiff's care to a doctor was constitutionally problematic.

Finally, Plaintiff fails to state a claim against Warden Randall Hepp based on allegations that he has not installed emergency call buttons in every cell. "A prison official can violate the Eighth Amendment by failing to take reasonable steps to protect inmates from a known, substantial threat to their safety." *Steidl v. Gramley*, 151 F.3d 739, 740 (7th Cir. 1998) (citations omitted). But the official must have "actual knowledge" of a substantial risk of serious harm; failing to address a significant risk that he should have perceived but did not perceive is not enough. *Id.* (citations omitted). The amended complaint suggests only that Hepp should have known or might have known that the lack of emergency call buttons in the cells could pose a risk of harm to inmates, but the Supreme Court has expressly rejected that such a suggestion is sufficient to state an Eighth Amendment claim. *See id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994)). Failing to perceive a risk that he perhaps should have perceived amounts to, at most, negligence, which is insufficient to state a constitutional claim.

Because Plaintiff does not know the name of the officer who allegedly opened his cell door, the Court will leave Randall Hepp as a defendant for the limited purpose of helping Plaintiff identify the name of the officer. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Warden Hepp does not have to respond to the amended complaint. After Warden Hepp's attorney files an appearance in this case, Plaintiff may serve discovery requests upon Warden Hepp (by mailing it to his attorney at the address in the notice of appearance) to get information that will help him identify the name of the officer. For example, Plaintiff may serve interrogatories (written questions) under Fed. R. Civ. P. 33 or document requests under Fed. R. Civ. P. 34. Because Plaintiff does not state a claim against Warden Hepp, Plaintiff's discovery requests must be limited to information or documents that will help him learn the name of the officer. Plaintiff may not ask Warden Hepp about any other topic, and Warden Hepp is under no obligation to respond to requests about any other topic.

After Plaintiff learns the name of the officer who he alleges violated his constitutional rights, he must file a motion to identify him/her as the Doe Defendant. The Court will dismiss Warden Hepp as a defendant once the Doe Defendant is identified. After the identified Defendant has an opportunity to respond to Plaintiff's amended complaint, the Court will set a deadline for discovery. At that point, Plaintiff may use discovery to get the information he believes he needs to prove his claim.

Plaintiff must identify the name of the Doe Defendant within sixty days of Warden Hepp's attorney filing a notice of appearance. If he does not or does not explain to the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it. Civil L. R. 41(c).

**IT IS THEREFORE ORDERED** that John Doe #1, Lt. Fisher, and Officer Conrad are **DISMISSED** because Plaintiff fails to state a claim against them.

**IT IS FURTHER ORDERED** that Plaintiff fails to state a claim against Warden Randall Hepp, but he will remain a defendant for the limited purpose of helping Plaintiff identify the John Doe Defendant's name. The clerk's office will update the docket accordingly.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Warden Hepp.

**IT IS FURTHER ORDERED** that Warden Hepp does not have to respond to the amended complaint; however, he shall respond to discovery requests that Plaintiff serves in an effort to identify the John Doe Defendant's name. Warden Hepp does not have to respond to discovery requests about any other topic.

**IT IS FURTHER ORDERED** that Plaintiff must inform the Court of the Doe Defendant's name within 60 days of Warden Hepp's attorney filing an appearance in this case. If Plaintiff does not do so or does not advise the Court in writing why he is unable to do so, the Court may dismiss this case based on his failure to diligently prosecute it.

Dated at Milwaukee, Wisconsin on June 30, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6