UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

        Plaintiff,

v.                                          Case No. 23-cv-0568-bhl

JOHN DOE,

        Defendant.

---

## DECISION AND ORDER

---

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman is representing himself in this 42 U.S.C. §1983 case. On June 30, 2023, the Court screened his amended complaint and allowed him to proceed on a deliberate indifference claim against a John Doe Defendant. On July 12, 2023, Plaintiff filed a motion to appoint counsel, and on July 17, 2023, he filed a motion for reconsideration of the screening order. The Court will deny both motions.

As to Plaintiff's motion for reconsideration, Plaintiff asks the Court to reconsider its conclusion that his amended complaint fails to state a claim against Officer Conrad who allegedly told Plaintiff he was busy in response to Plaintiff requesting medical care. As explained in the screening order, it is not enough to allege a violation of one's constitutional rights, a plaintiff must also allege that the violation caused the plaintiff injury or damages. *See Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (citing *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019)). As noted, Plaintiff's amended complaint fails to allege that he suffered injury or damages as a result of Conrad allegedly pushing off Plaintiff's requests for medical attention. Plaintiff does not allege that he received *any* treatment for his injuries when he was evaluated by health services (i.e., no bandages, no pain medication, no referral to an advanced provider). It

appears that, months later at Plaintiff's insistence, he received an x-ray, but the results of the x-ray were unremarkable. Thus, although Plaintiff has alleged that Conrad violated his rights by delaying his access to health services staff, he has not alleged that he was harmed by that delay. He therefore fails to state a claim against Conrad.

Plaintiff also fails to state a claim against the warden based on his failure to install an emergency call button in his cell. According to Plaintiff, his cell door was to remain closed and locked, officers walked the halls throughout the day, and video cameras constantly monitored the hallway outside his cell. Given these precautions, the Court cannot reasonably infer that the warden had "actual knowledge" that the lack of a call button in Plaintiff's cell posed a "substantial" risk of serious harm to him. It may be that the warden failed to perceive the risk that officers would improperly open an inmate's door or that the warden's attempts to address the risk (i.e., with hallway cameras and officer rounds) were imperfect or inadequate, but such allegations amount to, at most, negligence, which is insufficient to state an Eighth Amendment claim. In short, Plaintiff disagrees with the Court's analysis, but his disagreement is an insufficient basis for the Court to reconsider its decision, so the Court will deny Plaintiff's motion for reconsideration.

The Court will also deny Plaintiff's motion to appoint counsel. In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,'

2

and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

The Court will deny Plaintiff's motion because he has not satisfied the first prong of the standard. Although Plaintiff asserts that he has tried on his own to seek representation but has been unsuccessful, he provides no details of his efforts, such as who he contacted, when, what he said, and what response he received. Plaintiff references attached exhibits, but there are no exhibits attached to his motion. To satisfy the first prong, Plaintiff must provide the names and contact information of the lawyers he contacted and must include copies or a description of his letters to them and their responses, if any.

Further, even if Plaintiff had satisfied the first prong, the Court would deny his motion because he appears capable of representing himself through the early stages of litigation. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

Plaintiff's claim that an officer improperly opened his cell door, which allowed other inmates to attack him is straightforward and will largely turn on his retelling of what happened and whatever documents he is able to collect during discovery. His communications with the Court, including in his amended complaint, his motion for reconsideration, and his motion to appoint counsel, have been clear, organized, and easy to understand, giving the Court confidence that he understands what happened and can communicate why he believes he is entitled to relief. Plaintiff asserts that he is uneducated and cannot spell well, but he has done a good job advocating for himself, including citing to relevant case law and curing deficiencies identified by the Court.

Plaintiff's main concern is his lack of funds. He explains that he has nearly depleted his legal loan and therefore will have difficulty purchasing paper, envelopes, and stamps, which he needs to participate in discovery. The Court notes that Plaintiff currently has eight cases pending in the district court for the Western District of Wisconsin (three others were dismissed in the last few months). He also has at least one case on appeal. Plaintiffs do not have a constitutional entitlement to subsidy to prosecute their lawsuits. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002)). Like all civil litigants, a prisoner must decide which of his legal actions are important enough for him to fund, and he must be careful to budget his limited resources. *Id*. Plaintiff has decided to pursue many cases at once. He did so knowing that he has no income and knowing the limits of the available legal loan. His failure to wisely budget his limited resources is not a basis for the Court to recruit counsel to represent him.

The Court will therefore deny Plaintiff's motion to appoint counsel because he has not shown that he made sufficient efforts to find a lawyer on his own *and* because he appears competent to represent himself through the early stages of this case. If **new** challenges arise that he feels he is unable to navigate on his own, he may renew his motion to appoint counsel. If he does so, he should be specific about the challenges he is facing and what efforts he has made to overcome them.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to appoint counsel (Dkt. No. 11) is **DENIED without prejudice** and his motion for reconsideration (Dkt. No. 12) is **DENIED**.

Dated at Milwaukee, Wisconsin on July 18, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge