UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

        Plaintiff,

        v.                                        Case No. 23-cv-0568-bhl

ROBERT DREHMEL,

        Defendant.

---

## DECISION AND ORDER

---

      Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, who is a prisoner confined at the Waupun Correctional Institution, is proceeding on a failure-to-protect claim under the Eighth Amendment. Plaintiff brought this action pro se, and he represented himself through the briefing of summary judgment. On August 6, 2024, the Court denied Defendant Robert Drehmel's summary judgment motion and began efforts to recruit a lawyer to represent Plaintiff at trial. A few weeks later, the Court entered an order acknowledging Elisabeth Winston Lambert's willingness to represent Plaintiff pro bono. The Court thanks Ms. Lambert for her willingness to help Plaintiff and the Court. On October 25, 2025, Plaintiff, through counsel, filed a motion for leave to amend and/or correct the complaint. Plaintiff seeks to add thirteen defendants, alleging that they were deliberately indifferent to his serious medical needs. For the reasons explained below, the Court will deny Plaintiff's motion because it would be futile to allow him to amend the operative complaint in the way he proposes.

### 1. Plaintiff fails to state a claim against Ryan Konrad and Brandon Fisher.

As noted, Plaintiff is proceeding on a single failure-to-protect claim based on allegations that Defendant Drehmel remotely opened his cell door to allow another prisoner to enter and assault him. In his proposed second amended complaint, Plaintiff seeks to add deliberate indifference claims against Ryan Konrad and Brandon Fisher based on allegations that they did not obtain medical help for Plaintiff after he informed them that he had been attacked. The Court already addressed these allegations in the screening order and explained that they are insufficient to state a claim. *See* Dkt. No. 10.

As to Konrad, Plaintiff alleges that about 45 minutes after the attack, Konrad stopped at his cell to deliver a meal tray. Plaintiff asserts that he had a large patch of blood on his shirt and was having a difficult time breathing because of the trauma to his back. Plaintiff does not clarify where on his shirt the blood was, but it is reasonable to infer it was on the back of his shirt given that that is where he was injured. Plaintiff asserts that he was hunched over in pain and told Konrad he had been attacked. Konrad informed Plaintiff that he was busy delivering food trays and did not make any effort to obtain medical help for Plaintiff. Dkt. No. 86-1 at ¶¶35-40.

As Plaintiff explains in his proposed second amended complaint, the institution's handbook states that "Medical emergencies will be handled as they arise. A medical emergency is defined as an unexpected, serious happening demanding immediate medical attention." Medical care for non-emergencies can be obtained at the prisoner's initiation with the filing of a health services request. Dkt. No. 86-1 at ¶¶2, 6. Plaintiff's allegations do not reasonably suggest he was experiencing a medical emergency. Although he was certainly uncomfortable and in pain, he was conscious and able to talk to Konrad, who was in the middle of performing other assigned duties. Plaintiff asserts that he had blood on his shirt, but he does not allege where on his shirt the blood

was located, that he showed the blood to Konrad, that Konrad acknowledge the blood on his shirt, or that the blood was even visible to Konrad who was focused on passing Plaintiff's food tray through the metal door's trap. The Constitution does not require that officers interrupt their assigned tasks to respond to every inmate's demand for help. *See Burks v. Raemisch¸* 555 F.3d 592, 595 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights[.]"). Such a requirement would bring prison operations to a standstill. *See id.* ("The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks[.]"). And Konrad's failure to appreciate the severity of Plaintiff's situation, who after all was locked in a cell by himself, amounts at most to negligence, which is not actionable under the Constitution.

Plaintiff also alleges that the day after the attack, Fisher removed Plaintiff from his cell to speak to him about the attack and his injuries. Plaintiff asserts that he was still having challenges breathing normally. Fisher allegedly asked to see Plaintiff's injury and observed that Plaintiff's back was bruised and swollen. Plaintiff asserts that Fisher asked to take pictures of Plaintiff's injury, and, according to Plaintiff, Fisher informed him that he would be seen in health services that day. Fisher later stated in an incident report that Plaintiff had denied medical treatment, which Plaintiff asserts is untrue. However, Plaintiff also alleges that he was afraid other inmates would label him a snitch if he attempted to obtain treatment for his injuries, so he did not submit a health services request to obtain medical treatment until nearly two weeks after the attack. Plaintiff was seen by a nurse the day after he submitted a health services request. Dkt. No. 86-1 at ¶¶42-61.

The Court cannot reasonably infer from these allegations that Fisher was deliberately indifferent to Plaintiff's situation. At most, Plaintiff alleges that Fisher pulled Plaintiff out of his cell, took him to an area where others could not hear their conversation, inquired about the incident

and Plaintiff's injuries, requested to take pictures of Plaintiff's injuries, and described the incident in a report. None of this separately or cumulatively rises to the high level of deliberate indifference. And, while Plaintiff asserts that Fisher failed to obtain medical treatment for him, Fisher's failure to follow through on his alleged promise amounted to negligence at most, especially in light of Plaintiff's assertions that he did not initially want medical care because he feared being labeled a snitch.

In any event, Plaintiff was not suffering a medical emergency at the time he interacted with Fisher, and Plaintiff had the ability and opportunity to submit a health services request at any time, which means he was not harmed by Fisher's failure to do so on his behalf. Nor, in light of Plaintiff's allegations that the medical providers failed to timely address his injuries, would it be reasonable to infer that Plaintiff was harmed by the delay caused by Konrad and Fisher's failure to contact health services. *See Lord v. Beahm*, 952 F.3d 902, 905 (2020) (to succeed on an Eighth Amendment claim, a plaintiff must not only establish that his constitutional rights were violated but also that the violation caused him injury or damages); *see also* Dkt. No. 10 at 3-6 (explaining why Plaintiff fails to state a claim based on allegations that Konrad and Fisher did not immediately contact health services).

In short, the allegations against Konrad and Fisher in Plaintiff's proposed second amended complaint, which are largely the same as the allegations in the operative complaint, fail to state a claim. Accordingly, it would be futile to allow Plaintiff to amend his complaint to include these allegations. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (holding that leave to amend should be freely given unless there is an apparent or declared reason to deny leave such as futility of amendment).

## 2. Plaintiff's proposed claims against the medical providers are not properly joined in this action.

According to the proposed second amended complaint, Plaintiff first interacted with medical staff about two weeks after the incident and one day after he submitted his first health services request. Plaintiff alleges that in the two years after the attack he has submitted numerous health services requests complaining about pain in his back, groin, feet, and legs and difficulty hearing, and although he has received some care, including x-rays, a CT scan, and an appointment with an audiologist, medical staff have failed to properly diagnose and treat his injuries and complaints of pain. Indeed, according to Plaintiff he continues to suffer from severe and persistent symptoms of back pain, back spasms, restricted movement, and neurological symptoms in his groin, legs, and feet, as well as hearing loss. Dkt. No. 86-1 at ¶¶35-136.

Under Fed. R. Civ. P. 20(a)(2), "Persons . . . may be joined in one action as defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." But "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). And it is important to note that "[a] district court may, in its discretion, deny joinder even if the Rule 20(a)(2) requirements are met." *Dorsey v. Varga*, 55 F.4th 1094, 1103 (7th Cir. 2022) (citing *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (listing prejudice, expense, and delay as reasons to deny otherwise-proper joinder)).

Any right to relief that Plaintiff may have against Defendant Drehmel does not arise out of the same transaction or occurrence as any right to relief he may have against the medical providers. Defendant Drehmel is alleged to have opened Plaintiff's cell door to allow another inmate to attack him. He has had no involvement in the medical care that Plaintiff has or has not received since

5

the attack, and the questions of fact and law underlying Plaintiff's claim against Defendant Drehmel will not overlap with the questions of law and fact underlying claims against the medical providers. There may be some overlap between the facts Plaintiff will need to prove to establish the merits of a claim premised on the medical providers' alleged deliberate indifference to his serious medical conditions and the facts Plaintiff will need to prove to show the damages he is entitled to should Defendant Drehmel be found liable for failing to protect Plaintiff from the attack, but the factual and legal bases giving rise to Plaintiff's medical care claim against the medical providers and his failure to protect claim against the Defendant do not overlap. Accordingly, Plaintiff's proposed claims against the medical providers would not be properly joined with his claim against Defendant.

Further, even if it were proper to join these claims in a single lawsuit, the Court would decline to do so because it would significantly delay the resolution of this action, which has already been pending for more than eighteen months. *See UWM Student Ass'n*, 888 F.3d at 863 ("The judge may deny joinder under Rule 20 if 'the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay.'"). As Defendant points out, allowing Plaintiff to pursue these claims in this lawsuit would essentially restart this case. Because Plaintiff's medical care has never been at issue, discovery would need to be reopened and summary judgment would need to be litigated on the new claims, which could take more than a year to complete. Plaintiff's claim against Defendant is ready to go to trial, and the Court is not inclined to put that claim on hold while his other claims "catch up" procedurally. In short, because the Court will not allow Plaintiff to join new claims against medical providers with his claim against Defendant, it would be futile to allow Plaintiff to amend his complaint in the way he proposes. *See Foman v. Davis*, 371 U.S. at 182.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to amend/correct the complaint (Dkt. No. 86) is **DENIED** because it would be futile to allow Plaintiff to amend the operative complaint in the way he proposes.

**IT IS FURTHER ORDERED** that Plaintiff's motion to set a briefing schedule on the exhaustion of the medical care claims (Dkt. No. 95) is **DENIED as moot**.

The clerk's office is directed to schedule a counsel-only telephonic scheduling conference to discuss next steps.

Dated at Milwaukee, Wisconsin on December 23, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge