UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SOVEREIGNTY JOESEPH HELMUELLER
SOVEREIGN FREEMAN,

        Plaintiff,

        v.                                                      Case No. 23-cv-0568-bhl

ROBERT DREHMEL,

        Defendant.

## DECISION AND ORDER

Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman is representing himself in this 42 U.S.C. §1983 case. On October 1, 2025, the Court cancelled the bench trial scheduled for October 15, 2025, and dismissed this action as a sanction for Plaintiff's refusal to comply with the Court's orders and based on Plaintiff's failure to diligently prosecute this action under Civil L. R. 41(c). As noted in the dismissal order, Plaintiff raised multiple obstacles to the orderly resolution of this case, including refusing to participate in the final pretrial conference, refusing to cooperate with recruited *pro bono* counsel, and refusing to participate in the Court-ordered meet and confer process with Defendant's counsel. Dkt. No. 144.

On October 15, 2025, Plaintiff filed a "Notice of Appeal and or Motion for Reconsideration." Dkt. No. 155. Plaintiff inquires about the status of his case, noting that he was supposed to go to Court for trial. He also states that a corrections officer came to his cell door to tell him he had legal mail but "ran off" before he could get up to retrieve it, "similar to the white shirt when [he] had a no notice hearing." Dkt. No. 155.

The Court finds Plaintiff's professed confusion about the status of his case not credible. The Court has given Plaintiff multiple warnings about his need to participate in and prosecute this case and the need to comply with Court orders. Notwithstanding these warnings, Plaintiff refused to leave his cell to participate by videoconference in the final pretrial conference even after receiving a warning that his persistence in refusing to attend would result in the dismissal of his case. The following day, Plaintiff filed a letter explaining that he had been told by a white shirt that his case would be dismissed if he did not "go to court." In the letter, Plaintiff also asserts that he did not know "what case this was for." These statements reflect Plaintiff's untruthfulness and ongoing attempts at gameplaying. Plaintiff has only one case pending in this Court. And he included the assigned case number in his letter, confirming that he knows the case he was being asked to attend. Plaintiff's letter also claimed that he had not received any notice of a hearing, but the Court discussed the final pretrial conference with Plaintiff in an August 4, 2025 telephonic motion hearing, *see* Dkt. No. 127, and confirmed the date of the pretrial conference in a September 12, 2025 written order, *see* Dkt. No. 136. Plaintiff's assertion that he did not know about the final pretrial conference is demonstratively false.

Plaintiff's alleged confusion over not being transported to Court for a bench trial on October 14, 2025, is also not credible. As noted, in a previous letter, Plaintiff acknowledges that he was informed by prison staff that if he did not participate in the Court hearing, his case would be dismissed. Plaintiff knows that he refused to participate, and he notes that the consequence of his failure to do so was clearly communicated to him. Further, Plaintiff captioned his filing, in part, "Notice of Appeal," which also shows that Plaintiff knows his case has been dismissed. In short, as has been his practice throughout this action, Plaintiff is simply continuing to try to play games with the Court and Defendants.

Under Rule 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). Plaintiff has not established either. Accordingly, his motion for reconsideration must be denied. *See* Fed. R. Civ. P. 62.1(a)(2).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 155) is **DENIED**.

Dated at Milwaukee, Wisconsin on October 20, 2025.

    s/ *Brett H. Ludwig*
    BRETT H. LUDWIG
    United States District Judge