UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SOVEREIGNTY JOESEPH HELMUELLER SOVEREIGN FREEMAN,

    Plaintiff,

v.                                                             Case No. 23-cv-0568-bhl

ROBERT DREHMEL,

    Defendant.

---

## ORDER

---

    Plaintiff Sovereignty Joeseph Helmueller Sovereign Freeman, who is incarcerated at the Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On October 1, 2025, the Court dismissed this case based on Plaintiff's failure to diligently prosecute it. Plaintiff is a frequent litigator. Since 2021, he has filed sixteen cases in the district court for the Western District of Wisconsin and two cases in this Court. All of his cases have been dismissed. On May 24, 2023, the Court ordered:

> . . . the agency having custody of Plaintiff [to] collect from his institution trust account the $349.09 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2).

Dkt. No. 8 at 7. On January 5, 2026, Plaintiff filed a motion asking the Court to order his institution to stop making "fraudulent deductions" from his account. He explains that the institution is deducting 100% of his funds even when the balance in his account is below $10.00. Plaintiff argues that his institution should not deduct funds to pay his federal filing fee debt unless he has more than $10.00 in his account. Dkt. No. 171. Because Plaintiff misunderstands the applicable statute, the Court will deny his motion.

    The statute provides:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding

> month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28. U.S.C. § 1915(b)(2). Plaintiff argues that the statute allows him to avoid any deduction for his filing fee obligations so long as he keeps a balance of less than $10 in his account in a given month. This out-of-context reading misinterprets the statute.

Congress enacted §1915(b)(2) as part of the Prison Litigation Reform Act (PLRA) "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). Accordingly, the statute requires incarcerated plaintiffs to make monthly payments towards the filing fee equal to 20% of the inmate's previous month's income. The second sentence is not a means of evading the requirement to make payments toward the filing fee established in the first sentence, as Plaintiff suggests. Rather, the second sentence allows prison officials to wait to send the payments to the Court until the agency has sufficient funds to make a payment of $10.00 or more. *See Riley v. Franke*, Case No. 17-cv-891 2017 WL 4712222 at *2 (E.D. Wis. Oct. 18. 2017); *Riker v. Carlson*, Case No. 10-cv-906, Dkt. No. 45 at 1-2 (E.D. Wis. May 25, 2012); *Smith v. Huibregtse,* 151 F. Supp. 2d 1040, 1042-43 (E.D. Wis. 2001). As Judge James Peterson in the Western District succinctly explained, "[t]he purpose of the second sentence of Section 1915(b)(2) is not to make sure that inmates have some balance in their accounts to spend freely; it is to avoid the inefficiency of issuing a check for a few cents every time an inmate receives a small deposit." *Flournoy v. McKenzie*, No. 14-cv-554-jdp, 2015 WL 4094357, at *2 (W.D. Wis. July 7, 2015). To find otherwise "would allow prisoners to avoid paying their filing fees simply by ensuring that they never have more than $10.00 in their accounts." *Riley*, 2017 WL 4712222 at *2.

Neither the PLRA nor the payment scheme enacted for collecting filing fees was put in place to allow prisoners, most of whom have limited income, to avoid making monthly payments if they spend funds each month to maintain balances below $10.00. Excusing those prisoners from making payments would allow for purchases from the prison commissary or outside the institution, thereby removing the incentive for prisoners to avoid wasting their money on frivolous lawsuits. As the Seventh Circuit observed, "The PLRA is designed to require the prisoner to bear some

2

marginal cost for each legal activity. Unless payment begins soon after the event that creates the liability, this will not happen." *Newlin v. Helman*, 123 F.3d 429, 436 (7th Cir. 1997).

Plaintiff offers no explanation for his suggestion that because he has income of less than $10.00 per month, he should be allowed to spend that money on items of his choosing rather than be required to make payments toward the numerous filing fees he owes. The Seventh Circuit has confirmed that prisoners are required to make payments toward filing fees even when that means "that the prisoner's entire monthly income must be turned over to the court until the fees have been paid . . . ." *Newlin*, 123 F.3d at 436. It would be nonsensical to allow someone who owes five filing fees and has a monthly balance of $9.95 to avoid making payments toward their filing fees but then require someone else who owes five filing fees and has a monthly balance of $10.05 to pay their entire monthly income toward the filing fees.

Given the PLRA's objective of deterring frivolous suits, this inconsistency is unsupportable, especially in light of the reality that few prisoners carry a monthly balance of $10.00 or more. Excusing a significant number of prisoners from making monthly payments would thwart Congress's desire to contain prisoner litigation. While it is true that prisoners with limited income would still be required to pay an initial partial filing fee, the generally small size of that one-time payment would provide little, if any, disincentive on its own for filing multiple cases. And, while a prisoner would still owe the fees after his release, those fees are nearly always uncollectible. *See Newlin*, 123 F.3d at 436.

Because granting Plaintiff's motion would inappropriately relieve him of his obligation to pay the filing fee in this case (and others), the Court will deny his motion.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for the Court to intervene and stop filing fee deductions (Dkt. No. 171) is **DENIED**.

Dated at Milwaukee, Wisconsin on January 15, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge